301 So.2d 479 (1974)
WOOD-HOPKINS CONTRACTING COMPANY, a Corporation, Appellant,
v.
C.H. BARCO CONTRACTING COMPANY, INC., a Corporation, Appellee.
No. U-211.
District Court of Appeal of Florida, First District.
October 15, 1974.
Martin Sack, Jr., Jacksonville, for appellant.
Willard E. Parsons, Jacksonville, for appellee.
SPECTOR, Judge.
Appellant entered into a contract with the City of Gainesville for site development at its municipal generating station. Appellant then subcontracted to appellee the excavation, filling, grading and paving portions of the contract. The subcontract *480 was written on an American Institute of Architects form which provided:
"... that the contractor would give the sub-contractor an opportunity to be present and submit evidence in any arbitration involving his rights, would name as arbitrator under arbitration proceeding as provided in the general conditions the person nominated by the sub-contractor, and that in the matter of arbitration, the parties' rights and obligations and all procedure would be analogous to those set forth in the sub-contract."
This form is ordinarily used with an A.I.A. General Contract form containing arbitration procedures. However, in the instant case, the city prepared its own general contract and general conditions which made no provisions for arbitration.
Appellant sued appellee for failure to complete its subcontract and for overpayment by appellant to appellee for the paving work. The lower court entered a final judgment in favor of appellee-defendant, finding that arbitration was mandatory and the parties' exclusive remedy. The sole question before this court is the correctness of that finding.
Provisions in a contract providing for arbitration must be definite enough so that the parties at least have some idea as to what particular matters are to be submitted to arbitration and set forth some procedures by which arbitration is to be effected. G & N Construction Co. v. Kirpatovsky, 181 So.2d 664 (Fla.App. 1966).
It is also the rule of law in Florida that ambiguous provisions dealing with arbitration will be construed against arbitrating disputes arising out of a contract or its performance. Duval County v. Charleston Engineering & Contracting Co., 101 Fla. 341, 134 So. 509 (1931).
In the instant case, it can hardly be said that the parties to the contract agreed to arbitrate since the only mention of arbitration states that the subcontractor can submit evidence in any arbitration proceeding under conditions set forth in the general contract, and the general contract is silent on the subject of arbitration.
Accordingly, the judgment appealed herein is reversed.
RAWLS, C.J., and JOHNSON, J., concur.