639 So.2d 35 (1994)
BACHUS & STRATTON, INC., Bachus & Stratton Securities, Inc. and Richard Love, Appellants,
v.
Carolyn MANN and Salvatore Lanza, Appellees.
Nos. 92-1399, 92-1450.
District Court of Appeal of Florida, Fourth District.
April 6, 1994.
Jeffrey A. Cohen, Fort Lauderdale, for appellants (withdrawn as counsel after filing brief).
Frederick W. Ford, North Palm Beach, for appellee, Carolyn Mann.
John D. Boykin, of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for amicus curiae-appellants.

ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing, withdraw our opinion issued May 19, 1993, and substitute the following opinion.
Defendants Bachus & Stratton, Inc., Bachus & Stratton Securities, Inc., and Richard Love appeal a non-final order of the trial court partially denying their motion to compel arbitration of claims brought against them by Carolyn Mann. Mann, in a separate appeal, disputes the same order partially granting the defendants' motion to compel arbitration. Defendant Salvatore Lanza has not joined in these appeals. Both cases have *36 been consolidated for appeal. We affirm in part and reverse in part.
In connection with her employment as an account executive at Bachus & Stratton Securities, Inc., Mann signed and filed the National Association of Securities Dealers' Uniform Application for Securities Industry Registration and Transfer ("NASD U-4 Form"). The NASD U-4 Form included a provision whereby she agreed:
to arbitrate any dispute, claim, or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register....
Mann's employment was eventually terminated. She filed suit against the defendants alleging sexual discrimination, assault and battery, breach of contract, breach of promise of promotion, fraudulent misrepresentation, intentional infliction of emotional distress, defamation, conspiracy to defame, invasion of privacy and interference with business relationships. Defendants thereafter moved to compel arbitration of her claims based upon this provision.
Bachus & Stratton, Inc., the parent company of Bachus & Stratton Securities, Inc., appeals the trial court's ruling that none of Mann's claims against it were arbitrable. Mann's claims are founded upon the vicarious liability of Bachus & Stratton, Inc., for the acts of its agents and employees. Since Mann's claims against Bachus & Stratton, Inc., are based upon the vicarious liability of a principal for its agent or a master for its servant, we find the trial court erred in ruling these claims were not subject to arbitration. Although Bachus & Stratton, Inc. was not a signatory to the NASD U-4 Form agreement, a determination in arbitration that Mann had no claim against defendants Bachus & Stratton Securities, Inc., Lanza and Love would obviously preclude the successful litigation of these claims against Bachus & Stratton, Inc. See Post Tensioned Engineering Corp. v. Fairways Plaza Assocs., 429 So.2d 1212, 1214 (Fla. 3d DCA 1983).
Bachus & Stratton Securities, Inc., and Richard Love contend the trial court erred when it held only Mann's claims against them which occurred before the termination of her employment were arbitrable. In her brief, Mann cites Coudert v. Paine Webber Jackson & Curtis, 705 F.2d 78 (2d Cir.1983), to support her position that an arbitration agreement does not apply to an employee's claims arising subsequent to the termination of employment. We disagree with both Mann and the trial court that her post-employment claims against Bachus & Stratton Securities, Inc., were not arbitrable.
In Fleck v. E.F. Hutton Group, Inc., 891 F.2d 1047 (2d Cir.1989), the Second Circuit modified its earlier decision in Coudert and adopted the "significant aspect of the employment relationship" test as the standard by which to determine whether claims based upon post-employment incidents are subject to arbitration. Id. at 1053. The court recognized the difficulty in determining what post-employment tort claims are arbitrable and ordered arbitration of the claims that "`involve significant aspects of the employment relationship,' i.e., those claims for which resolution `depends upon evaluation of a party's performance either as a broker or as an employer of brokers during the time of the contractual relationship.'" Id. (citation omitted). The court determined the applicable arbitration provision[1] "would lead a reasonable applicant to expect arbitration of claims such as [those] made during foreseeable post-employment communications." Id. We therefore hold the trial court should have ordered arbitration of Mann's post-employment claims against Bachus & Stratton Securities, Inc., which involved significant aspects of the employment relationship. We hold, however, the trial court correctly determined Mann's claims against Richard Love and another executive which arose after the termination of her employment were not arbitrable *37 since they were not signatories to the arbitration agreement.
Mann appeals the order compelling arbitration and argues she could not be compelled to arbitrate any of her claims. We find this argument unconvincing. The NASD arbitration procedures are not inherently onerous or otherwise oppressive, but rather serve a valid public policy by expediting claims and reducing litigation in our overburdened courts. See Intracoastal Ventures Corp. v. Safeco Ins. Co. of Am., 540 So.2d 162 (Fla. 4th DCA 1989). We also find unconvincing Mann's position that her claims were not arbitrable because her employment fell within the statutory exemption under the Federal Arbitration Act.[2]See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25-26, n. 2, 111 S.Ct. 1647, 1651-52, n. 2, 114 L.Ed.2d 26 (1991).
Mann further asserts she could not be compelled to arbitrate her Title VII sex discrimination claim. 42 U.S.C. § 2000e. We disagree based upon recent decisions of the federal circuit courts. See Alford v. Dean Witter Reynolds, Inc., 939 F.2d 229 (5th Cir.1991) and Willis v. Dean Witter Reynolds, Inc., 948 F.2d 305 (6th Cir.1991). Moreover, we reject Mann's position that her tort claims against Richard Love and another executive of Bachus & Stratton Securities, Inc. were not subject to arbitration. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984) and Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980).
Finally, we find no merit in Mann's argument that the alleged torts committed by Richard Love and the other executive were not arbitrable because they did not arise out of or in connection with the business of Bachus & Stratton Securities, Inc. Mann's complaint contained sufficient allegations to demonstrate her claims arose in connection with the business operations of her former employer.
Accordingly, we remand this cause with instructions consistent with this opinion.
AFFIRMED IN PART and REVERSED IN PART.
DELL, C.J., and WARNER, J., concur.
FARMER, J., concurs in result only.
NOTES
[1] The arbitration provision in Fleck, NYSE Rule 347, required arbitration of disputes "arising out of the employment or termination of employment" of a registered representative. We note the Second Circuit observed its analysis would equally apply to an arbitration provision contained in the NASD Code. 891 F.2d at 1053.
[2] Section 1 of the Federal Arbitration Act provides in pertinent part:

Nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in interstate commerce. 9 U.S.C. § 1.