668 So.2d 1013 (1996)
TERMINIX INTERNATIONAL COMPANY, L.P., Appellant,
v.
Horst MICHAELS and Renate Michaels, individually and as the Mother and Father and next best friend of Eric Michaels, a minor, Nozzle Nolen, Inc., a Florida corporation, Marclain Marrero, Choice Real Estate Inc., a Florida corporation, Gimelstob Realty, Inc., a Florida corporation, Universal Land Title, Inc., a Florida corporation, and Treasure Coast Mortgage Corporation, a Florida corporation, Appellees.
No. 95-2041.
District Court of Appeal of Florida, Fourth District.
February 7, 1996.
Rehearing and Certification Denied March 19, 1996.
James N. Nicholas of James N. Nicholas, P.A., Melbourne, for appellant.
Robert J. Watson of Frierson & Watson, P.A., Stuart, for appellees.
*1014 WARNER, Judge.
The appellant challenges the trial court's order denying its motion to compel arbitration. Because we find that the arbitration agreement does not cover the personal injury claims asserted, we affirm the trial court.
Horst and Renate Michaels ("the Michaels") became the assignees of a termite protection plan when they purchased their home in 1990. The assigned plan contained an arbitration clause which states in pertinent part as follows:
The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to the interpretation, performance, or breach of any provision of this agreement shall be settled exclusively by arbitration.
Pursuant to this contract, Terminix treated the house on several occasions with chemical pesticides.
In 1992, the Michaels sued Terminix alleging negligence and strict liability in connection with its ultrahazardous activity of applying dangerous chemicals on the property both before and after their ownership of the property. The Michaels alleged damages consisting of the loss of the house in a foreclosure action, fraud, and tangible and intangible personal injuries as a result of pesticide poisoning.
Shortly after suit was filed, Terminix moved to compel arbitration in compliance with the contract. The trial court denied the motion, believing that arbitration would dispense with the Michaels' right to trial by jury where it was not clear that personal injuries were subject to arbitration.
We agree that the trial court's order denying arbitration should be affirmed. We adopt the position of the Arizona Court of Appeals in Dusold v. Porta-John Corp., 167 Ariz. 358, 807 P.2d 526 (Ct.App.1990):
The question whether a tort claim arising between parties who have a contractual relationship requiring that a claim "arising out of or relating to" an agreement or a breach of an agreement be subjected to arbitration is not without difficulty.
. . . .
[T]he better-reasoned cases start with the premise that, in order for the dispute to be characterized as arising out of or related to the subject matter of the contract, and thus subject to arbitration, it must, at the very least, raise some issue the resolution of which requires a reference to or construction of some portion of the contract itself. Id. [Old Dutch Farms, Inc. v. Milk Drivers, 359 F.2d 598, 601 (2nd Cir.1966) ]. The relationship between the dispute and the contract is not satisfied simply because the dispute would not have arisen absent the existence of a contract between the parties. Armada Coal Export, Inc. v. Interbulk, Ltd., 726 F.2d 1566 (11th Cir.1984). See also McMahon v. RMS Electronics, Inc., 618 F.Supp. 189 (S.D.N.Y.1985) (where tort claim does not require an interpretation of the underlying contract, no arbitration of that claim is required); Popper [v. Monroe ], 673 F.Supp. [1228] at 1228 [S.D.N.Y.1987] (if defamatory statements have no material relationship to contractual relationship, no arbitration required). If such a connection to the contract is not present, tort claims between the parties could not reasonably be intended to have been subject to arbitration within the meaning of an arbitration clause requiring this method of resolution only for claims "arising out of or related to" the contract.
If the contract places the parties in a unique relationship that creates new duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract. Barmat [v. John and Jane Doe Partners A-D ], 155 Ariz. [519] at 523, 747 P.2d [1218] at 1222 [1989]. Analogously, such a claim would be one arising from the contract terms and therefore subject to arbitration where the contract required it. If, on the other hand, the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract, but sounds in tort. Id. Therefore, a contractually-imposed *1015 arbitration requirement... would not apply to such a claim.
Id. 167 Ariz. at 361-63, 807 P.2d at 529-31.
In the instant case, the appellees alleged that their injuries occurred because of the appellant's failure to warn them of the dangerous nature of the chemicals which it used. The appellees alleged both negligence and strict liability based on the ultrahazardous nature of the chemicals. Therefore, the duty owed was a general duty imposed on the producer and distributor of hazardous chemicals, not one imposed by contract.
The dissent cites Bachus & Stratton, Inc. v. Mann, 639 So.2d 35 (Fla. 4th DCA 1994), as requiring reversal. In that case, the employee agreed to arbitrate any dispute between her and her firm, including employment issues. Her claims of sexual harassment were directly linked to her employment and amounted to a claim of employment discrimination. Therefore, what was being arbitrated was the employment relationship between the parties. All of her allegations related to her job conditions. Thus, this court affirmed the trial court's conclusion that the arbitration clause covered her employment-related claims, even though some of them sounded in tort.
In Intracoastal Ventures Corp. v. Safeco Insurance Company of America, 540 So.2d 162, 164 (Fla. 4th DCA 1989), we noted that an arbitration agreement should sufficiently identify what particular matters are to be submitted to arbitration as well as set forth procedures to effectuate arbitration. We held that a court should grant arbitration when satisfied that there is no doubt that an agreement to arbitrate the subject dispute was made. Id. at 164-65; see also G & N Constr. Co. v. Kirpatovsky, 181 So.2d 664, 667 (Fla. 3d DCA 1966) ("[C]ontracts providing for arbitration will be carefully construed in order not to force a party to submit to arbitration a question which he did not intend to be so submitted.").
Here the court harbored considerable doubt as to whether the personal injury claim came within the arbitration clause. Ambiguous provisions of a contract for arbitration will be construed against arbitrating a dispute. Wood-Hopkins Contracting Co. v. C.H. Barco Contracting Co., 301 So.2d 479, 480 (Fla. 1st DCA 1974). The personal injury claim did not relate to interpretation, performance or breach of any provision of the agreement. Those matters relating to the performance of the contract would be reasonably construed as matters concerning the application of the pesticide to the home and the resulting condition of the property to which it was applied, namely the object of the contract being the eradication of termites in the home. The protection of persons was not within the subject matter of the contract. Therefore, the trial court did not err in denying the motion to compel arbitration.
GUNTHER, C.J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I disagree with the majority's affirmance, and would reverse. The arbitration clause appears to be plain and unambiguous on its face. The clause states that any controversy or claim arising out of the performance of the agreement will be settled by arbitration. In count one of the Michaels' second amended complaint, they allege Terminix's negligent use of pesticides caused the resulting injuries. The Michaels' claim clearly arises out of Terminix's performance under the contract. But for performance of the contract, there would be no alleged injury. Thus, applying the plain meaning rule to this contract, the Michaels' claim arose out of the contract and should be submitted to arbitration.
The Michaels believe that their cause of action is outside the scope of the arbitration clause. In the past, this court has enforced broadly worded arbitration clauses to actions sounding in tort. Bachus & Stratton, Inc. v. Mann, 639 So.2d 35 (Fla 4th DCA 1994). In Bachus, the plaintiff's suit alleged sexual discrimination, assault and battery, breach of contract, breach of promise of promotion, fraudulent misrepresentation, intentional infliction of emotional distress, defamation, conspiracy to defame, invasion of privacy, and interference with business relationships. At issue was whether an arbitration clause in *1016 the employment contract was enforceable for the plaintiff's causes of action. In answering the question in the affirmative, this court found a significant relationship between the employment contract and the cause of action. Thus, under Bachus, the theory upon which a claim is based will not exempt the cause of action from an arbitration agreement. Rather, the dispositive factor is the connection between the cause of action and the contract containing the provision.
As we held in Bachus, we should also hold here. If Bachus is controlling, then this court should not rely on a decision of an Arizona intermediate appellate court (Dusold) to reach a contrary conclusion. There is certainly a causal connection between the contract and the alleged injuries. It is clear that but for the contract, the Michaels would not have suffered the alleged injury. Further, if Dusold is to be applied, a reading of the contract, as it pertains to Terminix' duties and the Michaels' rights concerning the manner in which extermination services were to be performed, would be necessary. Such a connection is consistent with the connection in Bachus, as it arises out of the performance of the contract. Under Bachus and the plain meaning rule, I would reverse. I therefore respectfully dissent.