683 So.2d 1133 (1996)
ADVANTAGE DENTAL HEALTH PLANS INC., Appellant,
v.
BENEFICIAL ADMINISTRATORS INC., Appellee.
No. 96-2308.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
*1134 Gordon Koegler, Fort Lauderdale, for appellant.
Randy C. Golden, Miami, for appellee.
FARMER, Judge.
The trial court stayed arbitration because the contract arbitration provision does not unambiguously exclude the claim in suit from the scope of the arbitration agreement. In so doing, the trial court erred.
Actually, the rule is exactly the opposite from that applied. Our cases hold that all doubts as to the scope of an arbitration agreement are to be resolved in favor of arbitration rather than against it. In Ronbeck Construction Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992), we said:
"Our supreme court pointed out in Roe v. Amica Mutual Insurance Co., 533 So.2d 279 (Fla.1988), that `arbitration is a favored means of dispute resolution and courts indulge every reasonable presumption to uphold proceedings resulting in an award.' 533 So.2d at 281. See also Intracoastal Ventures Corp. v. Safeco Ins. Co. of America, 540 So.2d 162 (Fla. 4th DCA 1989).
"As the federal courts do with comparable provisions under the United States Arbitration Act, 9 U.S.C. sections 1-14 (1982), we too should resolve all doubts about the scope of an arbitration agreement as well as any questions about waivers thereof in favor of arbitration, rather than against it. See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)." 592 So.2d at 346; see also EMSA Limited Partnership v. Mason, 677 So.2d 105 (Fla. 4th DCA 1996).[1]
As the first district held in The Regency Group Inc. v. McDaniels, 647 So.2d 192, 194 (Fla. 1st DCA 1994):
"[A]ny time a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. (quoting AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)) (emphasis added)."
Also in Lord & Son Construction Inc. v. Roberts Electrical Contractors Inc., 624 So.2d 376, 377 n. 2 (Fla. 1st DCA 1993), the court held:
"Moreover, even if the subcontract agreement herein contains some ambiguity, all doubts as to whether the instant dispute was within the scope of the arbitration clause of the general contract should be resolved in favor of arbitration. [c.o.]"
Here, it is not clear from the arbitration provision whether it is limited to claims for benefits. On the other hand, it is equally unclear whether the provision includes this claim as to whether the plan was renewed for another year. Accordingly the trial court was obliged to apply the principle stated in the cases cited and resolve the ambiguity in favor of arbitration of the renewal claim. It was therefore error for the court to grant the stay of arbitration in favor of the litigation.
REVERSED.
GUNTHER, C.J., and SHAHOOD, J., concur.
NOTES
[1] The decision in Terminix International Co. v. Michaels, 668 So.2d 1013 (Fla. 4th DCA), rev. denied, 679 So.2d 774 (Fla.1996), is distinguishable. It merely holds that there is no contractual ambiguity in the arbitration provision and that the strict liability claim did not "arise out of or relate to the interpretation, performance, or breach of any provision" of the contract. The opinion should be narrowly read and applied.