693 So.2d 104 (1997)
TERMINIX INTERNATIONAL COMPANY, LP, Appellant,
v.
Anthony PONZIO and Randy Ponzio, etc., et al., Appellees.
No. 96-3091.
District Court of Appeal of Florida, Fifth District.
May 9, 1997.
*105 James M. Nicholas and Aaron D. Lyons, of James M. Nicholas, P.A., Indian Harbour Beach, for Appellant.
David A. May, of Nebel & May, P.A., Orlando, for Appellees.
COBB, Judge.
Terminix International Company, LP, defendant below, takes this interlocutory appeal from an order denying its motion to dismiss which had been predicated on a demand for enforcement of an arbitration clause[1].
Anthony Ponzio entered into a residential pest control service agreement (the agreement) with Terminix. Ponzio and his wife Randy subsequently filed a five count complaint against Terminix sounding in negligence and breach of contract.[2] Counts I through IV allege negligence on behalf of each plaintiff and assert that Terminix had a duty to but failed to:
(a) control black widow, brown recluse spiders and other insects in and around the Ponzios' house, and
(b) eradicate black widow, brown recluse spiders and other insects in and around the Ponzios' house
and that as a direct and proximate result of Terminix's negligence, the plaintiffs suffered bodily injury.
Count V alleges that Terminix breached the agreement by failing to control or eradicate all pests listed in the pest control service agreement and that as a direct and proximate result of Terminix's breach, the plaintiffs suffered bodily injury.
Terminix filed a motion to dismiss the complaint pursuant to the arbitration clause in paragraph 7 of the terms and conditions of the agreement:
The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration.

*106 Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. The decision of the arbitrator shall be a final and binding resolution of the disagreement which may be entered as a judgment by any court of competent jurisdiction. Neither party shall sue the other where the basis of the suit is this agreement other than for enforcement of the arbitrator's decision. In no event shall either party be liable to the other for indirect, special or consequential damages or loss of anticipated profits.
The plaintiffs responded by arguing that personal injury claims were not arbitrable, under the terms of this provision, relying on Terminix v. Michaels, 668 So.2d 1013 (Fla. 4th DCA 1996), rev. denied, 679 So.2d 774 (Fla.1996), wherein the Fourth District held that a homeowner's personal injury claim did not arise out of or relate to the interpretation, performance, or breach of the parties' contract within the meaning of the contract's arbitration clause.
The trial court denied Terminix's motion to dismiss.
In considering a request for arbitration, the trial court must determine whether a valid written agreement to arbitrate exists, whether an arbitrable issue exists, and whether the right to arbitration was waived. Fortune Insurance Co. v. USA Diagnostics, Inc., 684 So.2d 208 (Fla. 4th DCA 1996). The basic question presented in this case is purely a legal one, whether, accepting as true the allegations of the plaintiffs' complaint, the plaintiffs have asserted claims which are subject to arbitration.
Terminix asserts that federal law governs the interpretation and enforceability of the arbitration provision at issue and further asserts that Michaels, which did not reference federal authority, was erroneously decided or at the very least is distinguishable.
The Federal Arbitration Act (Act), 9 U.S.C. § 2, et seq., mandates arbitration of a claim brought on a contract containing a written agreement calling for arbitration where the contract evidences a transaction involving interstate commerce. In Allied Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), which involved a breach of contract action brought on a termite protection contract containing an arbitration clause, the Supreme Court, citing a strong federal policy favoring enforceability of arbitration provisions, held that the Act is entitled to a broad construction, one that extends to the limits of Congress' commerce clause power. The Court, in ordering arbitration, explained that where the transaction involves, i.e., affects interstate commerce, it is within the ambit of the Act, even if the parties did not contemplate an interstate commerce connection.
Allied-Bruce did not involve an action seeking recovery for personal injuries. Additionally, unlike in Allied-Bruce, the parties in this case have failed to develop a record or obtain a ruling below relative to applicability of the Federal Arbitration Act.
Looking to state law, in Terminix v. Michaels, the Fourth District, in a 2-1 decision, held that an arbitration provision did not encompass a personal injury claim based upon negligence and strict liability theories. The provision in that case read as follows:
The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to the interpretation, performance, or breach of any provision of this agreement shall be settled exclusively by arbitration.
The Michaels had their home treated with chemical pesticides and thereafter sued alleging negligence and strict liability in connection with the ultrahazardous activity of applying dangerous chemicals. The Michaels alleged damages including loss of the house through foreclosure proceedings and tangible and intangible personal injuries as a result of pesticide poisoning. The trial court refused to order arbitration ruling that arbitration "would dispense with the Michaels' right to trial by jury where it was not clear that personal injuries were subject to arbitration." 668 So.2d at 1014.
The majority agreed, explaining that under Florida law, a court should order arbitration "when satisfied that there is no doubt that an agreement to arbitrate the subject dispute *107 was made." 668 So.2d at 1015 (emphasis in original). The court explained:
Here the court harbored considerable doubt as to whether the personal injury claim came within the arbitration clause. Ambiguous provisions of a contract for arbitration will be construed against arbitrating a dispute. Wood-Hopkins Contracting Co. v. C.H. Barco Contracting Co., 301 So.2d 479, 480 (Fla. 1st DCA 1974). The personal injury claim did not relate to interpretation, performance or breach of any provision of the agreement. Those matters relating to the performance of the contract would be reasonably construed as matters concerning the application of the pesticide to the home and the resulting condition of the property to which it was applied, namely the object of the contract being the eradication of termites in the home. The protection of persons was not within the subject matter of the contract. Therefore, the trial court did not err in denying the motion to compel arbitration.
Id. at 1015.
The majority relied on Dusold v. Porta-John Corp., 167 Ariz. 358, 807 P.2d 526 (Ct. App.1990) wherein the Arizona court, in considering whether a tort claim is subject to arbitration, explained that for a dispute to arise out of or relate to the subject matter of the contract, it must raise some issue which requires a reference to or construction of some portion of the contract itself. The relationship between the dispute and the contact is not satisfied simply because the dispute would not have arisen absent the existence of a contract between the parties. The Michaels majority pointed out that since the plaintiffs alleged that their injuries occurred because of the defendants' failure to warn them of the dangerous nature of the chemicals, the duty owed was a general duty imposed on the producer and distributor of hazardous chemicals, not one imposed by contract. 668 So.2d at 1015.
Judge Polen dissented, noting that the Fourth District had in the past enforced broadly worded arbitration clauses in actions sounding in tort. See Bachus & Stratton, Inc. v. Mann, 639 So.2d 35 (Fla. 4th DCA 1994) (suit alleging sexual discrimination, assault and battery and other causes of action was within scope of arbitration clause). Judge Polen explained that the dispositive factor is not the theory upon which a claim is based but rather the connection between the cause of action and the contract containing the provision. Judge Polen found that:
There is certainly a causal connection between the contract and the alleged injuries. It is clear that but for the contract, the Michaels would not have suffered the alleged injury.
668 So.2d at 1016.
The Fourth District has recently explained in Advantage Dental Health Plans, Inc. v. Beneficial Administrators, Inc., 683 So.2d 1133 (Fla. 4th DCA 1996) that Michaels should be "narrowly read and applied" and merely holds that a strict liability claim does not "arise out of or relate to the interpretation, performance, or breach of any provision of the contract." 683 So.2d at 1134, n. 1. In Advantage, the appellate court held that it was error for the trial court to stay arbitration. The appellate court explained that "all doubts as to the scope of an arbitration agreement are to be resolved in favor of arbitration rather than against it." Id. The court quoted the following language from Ronbeck Construction Co., Inc. v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992):
"Our supreme court pointed out in Roe v. Amica Mutual Insurance Co., 533 So.2d 279 (Fla.1988), that `arbitration is a favored means of dispute resolution and courts indulge every reasonable presumption to uphold proceedings resulting in an award.' 533 So.2d at 281. See also Intracoastal Ventures Corp. v. Safeco Ins. Co. of America, 540 So.2d 162 (Fla. 4th DCA 1989).
"As the federal courts do with comparable provisions under the United States Arbitration Act, 9 U.S.C. sections 1-14 (1982), we too should resolve all doubts about the scope of an arbitration agreement as well as any questions about waivers thereof in favor of arbitration, rather than against it. See Moses H. Cone Memorial Hospital v. *108 Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)."
Id.
The court additionally quoted the following language from the First District decision in Regency Group, Inc. v. McDaniels, 647 So.2d 192, 194 (Fla. 1st DCA 1994):
"[A]ny time a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute (quoting AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)) (emphasis added)."
The court in Advantage found that while it was not clear from the arbitration provision whether it is limited to claims for benefits, it was equally unclear whether the provision includes a claim as to whether the plan was renewed for another year. The court concluded that the trial court was thus required to resolve the ambiguity in favor of arbitration of the renewal claim.
While the nature of the causes of action involved in Michaels and Advantage differ, it is difficult to harmonize the philosophy toward arbitration provisions announced by the Fourth District in the two decisions. In Michaels the majority referenced a restrictive, narrow interpretation which would be accorded arbitration provisions with ambiguities being resolved against arbitrating a dispute. Conversely, in Advantage, the court, in accordance with federal law, announced that arbitration clauses would be interpreted broadly and that doubts concerning the arbitrability of a dispute would be resolved in favor of arbitration.
This court is in accord with the broad, expansive construction of arbitration awards referenced in Advantage and the cases cited therein. See e.g., Beverly Hills Development Corp. v. George Wimpey of Florida, Inc., 661 So.2d 969 (Fla. 5th DCA 1995). In Beverly Hills, this court recognized that questions concerning the scope of the right to arbitrate should be resolved in favor of arbitration rather than against it, citing Ronbeck Construction. 661 So.2d at 971. The arbitration clause in this case is an expansive provision, encompassing "any controversy or claim between [the parties] arising out of or relating to" the agreement. In considering whether a claim for personal injuries is included, the scope of the right to arbitrate will be resolved in favor of arbitration.
The allegations of the complaint assert that Terminix had a duty, deriving from its contractual agreement, to eradicate certain pests and that it failed to do so resulting in bodily injury, etc. to the plaintiffs. There is no strict liability assertion nor is there any assertion of a failure to warn. The controversy or claims here clearly arise out of or derive from Terminix's contractual undertaking. It is the nature of the injury and damages which differs from the typical breach of contract action but the arbitration language is not limited to merely breach of contract actions. Under a broad, expansive construction, the plaintiffs' claims would fall within the scope of the arbitration provision. Michaels can be distinguished on the basis that the arbitration provision there, in providing for arbitration of any controversy or claim "arising out of or relating to the interpretation, performance, or breach of any provision of this agreement" is narrower than the provision here. Furthermore, Michaels dealt with a common law duty to warn, and not simply a duty imposed by the contract. Alternatively, Michaels, to the extent that the majority gave a narrow limited construction to the arbitration language, appears to be inconsistent with Florida law governing construction of arbitration provisions. Indeed, Florida courts have not hesitated to order arbitration where tort claims are involved. See, e.g., Bachus & Stratton, Inc. v. Mann, 639 So.2d 35 (Fla. 4th DCA 1994); Value Car Sales, Inc. v. Bouton, 608 So.2d 860 (Fla. 5th DCA 1992); Larry Kent Homes v. Empire of *109 America, FSA, 474 So.2d 868 (Fla. 5th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986).
Besides relying on Michaels, the plaintiffs rely on the state constitutional guarantees of access to courts[3] and the right to a jury trial[4] to avoid arbitration of their personal injury claims. They also assert that the contract was one-sided and did not afford adequate notice that they would be waiving their right to a jury trial on a personal injury claim against Terminix. The short answer to these arguments is that the plaintiffs waived these rights by consenting to arbitrate disputes "arising out of ... the agreement."
Finally, the fact that only Anthony Ponzio signed the contract does not limit arbitration to just his claim. The non-signing plaintiffs are in essence asserting third party beneficiary status to the contract as a limited class which was intended to benefit from the contract. See Technicable Video Systems v. Americable of Greater Miami, Ltd., 479 So.2d 810 (Fla. 3d DCA 1985). As third party beneficiaries, these additional plaintiffs are bound by the arbitration provision. See Raffa Assoc. v. Boca Raton Resort & Club, 616 So.2d 1096 (Fla. 4th DCA 1993); Zac Smith & Co., Inc. v. Moonspinner Condominium Assoc., Inc. 472 So.2d 1324 (Fla. 1st DCA 1985).
We reverse the order denying Terminix's motion to dismiss and remand with instructions that the claims be referred to arbitration.
REVERSED AND REMANDED.
GRIFFIN and ANTOON, JJ., concur.
NOTES
[1] Jurisdiction is predicated on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) (review of order determining entitlement of a party to arbitration).
[2] The plaintiffs include Anthony Ponzio, his wife Randy, their child Kristy who resides with them, and the mother of another child, Anthony III, who apparently resides primarily with the mother.
[3] Art. I, § 21, Fla. Const.
[4] Art. I, § 22, Fla. Const.