699 So.2d 787 (1997)
U.S. HOME CORPORATION, Appellant,
v.
Patricia SEIFERT, etc., et al., Appellees.
No. 96-3182.
District Court of Appeal of Florida, Fifth District.
September 19, 1997.
Fredric S. Zinober of Tew, Zinober, Barnes, Zimmet & Unice, Clearwater, for appellant.
Maureen Gallen of Poses & Halpern, P.A., and Sharon L. Wolfe of Cooper & Wolfe, P.A., Miami, for appellee Patricia Seifert.
DAUKSCH, Judge.
This is an appeal from an order denying a motion to compel arbitration. We reverse.
Appellant built a house for appellees pursuant to a contract which contained the following provision:
13. ARBITRATION. Any controversy or claim arising under or related to this Agreement or to the Property[1] (with the exception of "consumer products" as defined by the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. Section 2301 et seq., and the regulations promulgated under the Act) or with respect to any claim arising by virtue of any representations alleged to have been made by the Seller or Seller's *788 representative, shall be settled and finally determined by mediation or by binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. Sections 1-14) and similar state statutes and not by a court of law. The claim will be first mediated in accordance with the Commercial or Construction Industry Arbitration Rules, as appropriate, of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction of the matter, provided, however, that if Seller's warranty plan establishes an alternative dispute resolution procedure, a claim covered by Seller's warranty will be determined in accordance with that alternative procedure prior to submission to binding arbitration, if necessary. Unless otherwise provided by law or Seller's warranty plan, the cost of initiating any of the foregoing proceedings shall be borne equally by Seller and Buyer. [emphasis supplied].
Appellees sued appellant alleging the creation of a dangerous condition, negligent manufacture and other claims regarding the placement and function of the air conditioning system. Appellees alleged that the decedent (husband of plaintiff) left his automobile running in the garage and the air conditioning system picked up the carbon monoxide emissions from the car, sent them through the house and thus killed the decedent.
Because this lawsuit arises "under or related to this Agreement or to the Property" and because the parties agreed to arbitrate such disputes, the trial court erred in refusing to require arbitration. Terminix Int'l Co., L.P. v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997). But see Terminix Int'l Co. L.P. v. Michaels, 668 So.2d 1013 (Fla. 4th DCA), rev. den., 679 So.2d 774 (Fla.1996).
ORDER REVERSED; CAUSE REMANDED FOR ORDER COMPELLING ARBITRATION.
PETERSON, J., concurs.
W. SHARP, J., concurs specially with opinion.
W. SHARP, Judge, concurring specially.
We are bound by this court's opinion in Terminix International Co., L.P. v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997). However, I personally prefer the rule stated in Terminix International Co., L.P. v. Michaels, 668 So.2d 1013 (Fla. 4th DCA), rev. denied, 679 So.2d 774 (Fla.1996). It is particularly appropriate in this case because the construction contract which provides for arbitration is a typical contract of "adhesion": the party being "bound" did not prepare the fine print and is in no position to bargain about it.
In such a context an agreement to arbitrate about contract disputes should not include issues beyond the subject matter of the contract, such as a tort claims involving personal injuries, unless an interpretation of the contract is involved. In this case, the contract specified arbitration of issues concerning the "property." There is no indication here that the deceased/owner/signor of the contract intended to be bound to arbitrate wrongful death claims. Further, it is not clear to me that all the possible beneficiaries of the decedent's wrongful death claim should be bound by the decedent's contract.
NOTES
[1] The sales agreement defines property as "all improvements which have been or will be constructed on the land by Seller," the land and improvements being collectively referred to in this Agreement as the "Property."