780 So.2d 996 (2001)
Shelly J. SULLIVAN, Appellant,
v.
SEARS AUTHORIZED TERMITE AND PEST CONTROL, INC. f/k/a All American Termite and Pest Control, Inc., Appellee.
No. 4D00-2276.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
*997 William M. Julien of Grossman & Goldman, P.A., Boca Raton, for appellant.
Willa A. Fearrington, Jose D. Sosa and John A. Turner of Arnstein & Lehr, West Palm Beach, for appellee.
HAZOURI, J.
Shelly Sullivan (Sullivan) seeks review of a non-final order of the circuit court granting Sears Authorized Termite and Pest Control, Inc., f/k/a All American Termite and Pest Control, Inc.'s (Sears) motion to abate and compel arbitration of her negligence claim for personal injuries. We reverse.
Sullivan and Sears executed a Pest Control Agreement in which Sears agreed to provide exterminating services for various pests, including spiders. The one-page agreement, drafted by Sears, contained the following paragraph:
ARBITRATION. The purchaser and All American Termite & Pest Control, Inc. d/b/a Sears Authorized Termite & Pest Control agree that any controversy or claim between them arising out of or related to the interpretation, performance or breach of any provision of this agreement shall be settled exclusively by arbitration. This contract/agreement is subject to arbitration pursuant to the uniform arbitration act of the American Arbitration Association. The arbitration award may be entered in any court having jurisdiction In no event shall either party be liable to the other for indirect special or consequential damages or loss of anticipated profits.
(Emphasis added).
After Sears treated her residence, Sullivan was bitten by brown recluse spiders causing serious, disfiguring and painful wounds. She then sued Sears for negligence, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, negligent misrepresentation and fraud in the *998 inducement. Sears moved to compel arbitration and, after hearing argument of counsel, the trial court granted the motion.
Sullivan submits that the arbitration provision requires arbitration of claims "arising out of or relating to the interpretation, performance or breach of any provision of this agreement" and that the agreement is silent as to the parties' intent to arbitrate personal injury or tort claims. Moreover, Sullivan contends that since Sears drafted the arbitration provision, it should be construed against Sears. Lastly, Sullivan argues that because the agreement does not provide that all disputes, whether in contract or tort, shall be subject to arbitration, the trial court erred when it ignored Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), and ordered arbitration.
The identical arbitration provision as the one at issue here was before us in Terminix International Co., L.P. v. Michaels, 668 So.2d 1013 (Fla. 4th DCA 1996), rev. denied, 679 So.2d 774 (Fla.1996), wherein this Court (JJ. Warner and Gunther concurring, J. Polen dissenting) held that a homeowner's personal injury claim was not arbitrable as it did not arise out of or relate to the interpretation, performance, or breach of the parties' contract within the meaning of their contract's arbitration clause. In Michaels, the plaintiffs had their home treated with chemical pesticides and alleged personal injuries attributable to pesticide poisoning. They sought recovery under negligence and strict liability theories in connection with the ultra hazardous activity of applying dangerous chemicals. The trial court refused to order arbitration ruling that arbitration "would dispense with the Michaels' right to trial by jury where it was not clear that personal injuries were subject to arbitration." Id. at 1014.
The majority in Michaels noted that an arbitration agreement should sufficiently identify what particular matters are to be submitted to arbitration as well as set forth procedures to effectuate arbitration, citing Intracoastal Ventures Corp. v. Safeco Insurance Co. of America, 540 So.2d 162, 164 (Fla. 4th DCA 1989). The majority further agreed that a court should order arbitration "when satisfied that there is no doubt that an agreement to arbitrate the subject dispute was made." Michaels, 668 So.2d at 1015 (emphasis in original). Judge Warner explained the duty to the plaintiffs was a general duty imposed on the producer and distributor of hazardous chemicals not one created by contract. She reasoned further:
Here the [trial] court harbored considerable doubt as to whether the personal injury claim came within the arbitration clause. Ambiguous provisions of a contract for arbitration will be construed against arbitrating a dispute. The personal injury claim did not relate to interpretation, performance or breach of any provision of the agreement. Those matters relating to the performance of the contract would be reasonably construed as matters concerning the application of the pesticide to the home and the resulting condition of the property to which it was applied, namely the object of the contract being the eradication of termites in the home. The protection of persons was not within the subject matter of the contract. Therefore, the trial court did not err in denying the motion to compel arbitration.
Id. (citation omitted).
The Fifth District has also dealt with the precise issue presented in the instant case but has declined to follow Michaels. See Terminix Int'l. Co., L.P. v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997). In Ponzio, the Ponzios entered into a residential pest control service agreement with Terminix. The Ponzios subsequently filed a five count complaint against Terminix sounding in negligence and breach of contract. The negligence counts alleged Terminix had a duty but failed to control various insects (including brown recluse spiders) resulting in personal injuries. Terminix moved to dismiss the complaint *999 pursuant to the arbitration clause in its agreement which read in part,
[t]he Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration.
(emphasis added). The trial court denied Terminix's motion to dismiss.
On appeal, the Fifth District reversed the trial court's denial of the motion to dismiss and remanded for arbitration. The Fifth District concluded the arbitration clause in this case is an expansive provision, encompassing "any controversy or claim between [the parties] arising out of or relating to" the agreement and that the scope of the right to arbitrate will be resolved in favor of arbitration when considering whether a claim for personal injuries is included. Id. at 108. The Fifth District noted that the plaintiffs asserted Terminix had a contractual duty to exterminate certain pests and that its failure to do so resulted in bodily injuries, but did not assert strict liability or any assertion of a failure to warn. Our sister court determined the plaintiffs' claims would fall within the scope of the arbitration provision under a broad and expansive construction of the arbitration provision. The court distinguished our decision in Michaels on the basis that the arbitration provision, which provided for arbitration of any controversy or claim "arising out of or relating to the interpretation, performance, or breach of any provision of this agreement" was narrower than the provision in its case. Furthermore, the Fifth District emphasized that Michaels dealt with a common law duty to warn and not a duty imposed by contract. Alternatively, the court suggested that our decision in Michaels was inconsistent with Florida law governing the construction of arbitration provisions. Id. at 108-09.
The seemingly more expansive language of the arbitration clause in Ponzio, may account for the reason why conflict with Michaels was not certified to the Florida Supreme Court. However, the supreme court approved our decision in Michaels. See Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999).
In Seifert, petitioner and her husband contracted with a homebuilder for the construction of a house. After the Seiferts moved into the home, the Seiferts' car was left running in the garage, and the air conditioning system located in the garage circulated the carbon monoxide emissions from the car and distributed them into the house, killing Mr. Seifert. Mrs. Seifert, as personal representative of her husband's estate, sued the homebuilder alleging claims for strict liability, negligence, and breach of express and implied warranties. The strict liability and warranty claims were dismissed and the homebuilder moved to submit the negligence claim for wrongful death to arbitration based on an arbitration provision in the purchase and sale contract with the Seiferts[1].
The trial court denied U.S. Home's request for arbitration and it appealed. The Fifth District reversed the trial court's order and held the action must be decided in accord with the arbitration provision of the contract. The Supreme Court of Florida quashed the Fifth District's decision, approved our decision in Michaels and remanded with directions that the trial court's denial of arbitration be affirmed.
Justice Anstead wrote:
After analyzing the governing principles surrounding the determination of whether a particular claim is subject to arbitration, and keeping in mind the general policy favoring arbitration, we believe it is fair to presume that not every dispute that arises between contracting parties should be subject to arbitration. *1000 As the prevailing case law illustrates, even in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.
Disputes arise in many and varied contexts and the mere coincidence that the parties in dispute have a contractual relationship will ordinarily not be enough to mandate arbitration of the dispute. In other words, the mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one "arising out of or relating to" the agreement.
Id. at 638 (citations omitted). The Supreme Court agreed with the reasoning in Dusold v. Porta-John Corp., 167 Ariz. 358, 361, 807 P.2d 526, 529 (App.1990), cited by this court in Michaels, 668 So.2d 1013 (Fla. 4th DCA 1996) (holding that tort claims did not arise out of or relate to the "interpretation, performance, or breach of any provision of this agreement" and, therefore, such claims were not subject to the contract's arbitration provision.)
Justice Anstead continued:
As in Dusold and Michaels, because this case involves a claim sounding in tort, i.e., negligence, we must determine whether the tort claim, as alleged in the complaint, arises from and bears such a significant relationship to the contract between the parties as to mandate application of the arbitration clause. The petitioner concedes that an action for breach of contract or of any of the warranties or other rights and obligations arising out of the contract would be subject to arbitration. However, because the wrongful death action here is predicated upon a tort theory of common law negligence unrelated to the rights and obligations of the contract, petitioner asserts such an action was not contemplated by the parties when the contract was made and should not be subject to arbitration.
Id. at 640 (emphasis added). The Court found that the absence of any mention of the parties' rights in the event of personal injuries or death arising out of any alleged tortious conduct created ambiguity and uncertainty as to the intent of the parties. Accordingly, the Court applied the well-established rule of statutory construction and construed the provision against its drafter, U.S. Home. The Court observed:
The contract between the Seiferts and U.S. Home explicitly refers only to the sale and purchase of a house. It appears to be a standard commercial contract containing provisions relating solely to the duties and obligations of the parties in regard to the construction and sale of the house. The two-paged sales agreement written by U.S. Home includes such matters as the purchase price and payment schedule, deposits, the time and location of closing, closing costs, title, substitutions, site specifications, insulation requirements, damage to the property before closing, promotional displays, the parties' rights in the event of a default, and the homeowner's warranty. There is nothing within these provisions to indicate that either party intended to include tort claims for personal injuries arising under the common law within the scope of either the contract in general or the arbitration provision in particular.

Id. at 641 (emphasis added).
The Court concluded the tort claim was unrelated to the performance of the contract noting: (i) the factual allegations in the complaint did not rely on the contract between the parties, (ii) the negligence claim for wrongful death was based on U.S. Home's breach of its duty to exercise reasonable care in designing, manufacturing, and assembling new homes so as to prevent the air conditioning unit from pulling in carbon monoxide from the garage and distributing it throughout the home, *1001 (iii) the complaint also asserted a breach of duty to warn of a known dangerous condition and of defects that U.S. Home knew or should have known would render the home unreasonably dangerous to use by anyone, not just the Seiferts, and (iv) the allegations were premised on obligations that would extend to anyone, third parties as well as the Seiferts, who might be injured by U.S. Home's tortious conduct.
We believe there are a number of similarities between the negligence claim at issue in this appeal and the wrongful death claim reviewed in Seifert. Thus, a reversal of the trial court's decision is warranted.
First, this claim, like the one in Seifert, is predicated upon a tort theory of common law negligence. In Seifert, the negligence claim for wrongful death was based on U.S. Home's breach of its duty to exercise reasonable care in designing, manufacturing, and assembling new homes in a manner that would prevent the air conditioning unit from pulling in carbon monoxide from the garage and distributing it throughout the home. Here, the negligence claim for personal injuries is based on Sears' breach of its duty to exercise reasonable care in applying the exterminating chemicals so as to ensure brown recluse spiders were eradicated from the infested areas. In Seifert, the complaint also asserted a breach of duty to warn of a known dangerous condition and of defects that U.S. Home knew or should have known would render the home unreasonably dangerous to use by anyone, not just the Seiferts. Here, the complaint alleged Sears failed to warn Sullivan that the source of her insect problem was brown recluse spiders and that the chemicals used by Sears were known to be ineffective in exterminating brown recluse spiders.
Second, in Seifert, the Court found significant the fact that the dispute did not create a "significant relationship" to the contract because none of the allegations in the complaint referred to or mentioned the sales agreement between the Seiferts and U.S. Home. In this case, none of the allegations in the negligence claim referred to or mentioned the Pest Control Agreement.
Third, similar to the agreement in Seifert, in this case, there is nothing within the Pest Control Agreement to indicate that either party intended to include tort claims for personal injuries arising under the common law within the scope of either the contract in general or the arbitration provision in particular. The one page contract used by Sears is similar to the abbreviated two page contract used by U.S. Home in that it addresses limited terms. Equally significant, the arbitration provision refers to damages typical of contract claims (i.e. indirect, special, or consequential damages), not tort claims.
We, therefore, reverse the trial court's order abating this cause and compelling arbitration. Recognizing the conflict between our decision here and the Fifth District's decision in Ponzio, we hereby certify this conflict to the Florida Supreme Court for resolution.
DELL and FARMER, JJ., concur.
NOTES
[1] The arbitration provision provided in part:

Any controversy or claim arising under or related to this Agreement or to the Property... shall be settled and finally determined by mediation or binding arbitration....