816 So.2d 603 (2002)
SEARS AUTHORIZED TERMITE AND PEST CONTROL, INC., f/k/a All American Termite and Pest Control, Inc., Petitioner,
v.
Shelly J. SULLIVAN, Respondent.
No. SC01-960.
Supreme Court of Florida.
May 2, 2002.
*604 John A. Turner and Willa A. Fearrington of Arnstein & Lehr, West Palm Beach, FL; and Arthur L. Klein, Chicago, IL, for Petitioner.
Howard S. Grossman and William M. Julien of Grossman & Goldman, P.A., Boca Raton, FL, for Respondent.
WELLS, C.J.
We have for review the decision of the Fourth District Court of Appeal in Sullivan v. Sears Authorized Termite & Pest Control, Inc., 780 So.2d 996 (Fla. 4th DCA 2001), which certified conflict with the Fifth District Court of Appeal's decision in Terminix International Co. v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997), on the issue of whether a provision requiring arbitration in an agreement to provide exterminating services for pests, including spiders, includes claims for personal injury allegedly caused by being bitten by spiders which were to be eradicated in the performance of the agreement. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We quash the Fourth District Court of Appeal's decision in Sullivan, approve the Fifth District Court of Appeal's decision in Ponzio, and hold that this personal injury claim was covered by the arbitration provision.
In this case, petitioner Sears Authorized Termite & Pest Control, Inc. (Sears) and respondent Shelly Sullivan (Sullivan) executed a pest control agreement in which Sears agreed to provide services for the control of various pests, including spiders. Sullivan filed suit, essentially alleging in her complaint that Sears treated and retreated for spiders but failed to control the population of spiders at her residence. The failure to control the population of spiders resulted in Sullivan being bitten by spiders, causing her personal injuries and damages. Sears responded by moving to abate and compel arbitration based upon the following arbitration provision in the pest control agreement.
ARBITRATION
The purchaser and All American Termite & Pest Control, Inc. d/b/a Sears Authorized Termite & Pest Control agree that any controversy or claim between them arising out of or related to the interpretation, performance or breach of any provision of this agreement shall be settled exclusively by arbitration. This contract/agreement is subject to arbitration pursuant to the Uniform Arbitration Act of the American Arbitration Association. The arbitration award may be entered in any court having jurisdiction. In no event shall either party be liable to the other for indirect, special or consequential damages or loss of anticipated profits.
(Emphasis added.)
The trial judge held a hearing and entered an order granting Sears' motion. In his order the trial judge stated:
The key case seems to be Seifert v. U.S. Home Corporation, 750 So.2d 633 (Fla.1999). The two closest cases to the present case are Terminix International Company v. Michaels, 668 So.2d 1013 *605 (Fla. 4th DCA 1996), and Terminix International Company v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997).
The present case hinges on an arbitration provision in a pest control customer agreement. The Court's view of the pertinent portion of the agreement is that: regarding any provision of this contract for which a controversy exists concerning its interpretation, performance or breach, arbitration is required. The Court analyzes the pertinent provisions of the contract to require the pest control company to provide necessary service for the control of spiders. The allegations in this complaint are essentially that the pest control company treated and retreated for spiders but failed to control the spiders. The counts are counts for breach of warranty which are clearly contractual counts and counts for negligence, fraud in the inducement, fraud, and negligent misrepresentation.
This case differs from Michaels in that Michaels had to do with the use of ultra hazardous chemicals. A general duty is imposed on the producer and distributor of hazardous chemicals which is independent of and unrelated to any contractual obligations. Personal injuries claimed in that case were the result of poisoning from these ultra hazardous chemicals. In the present case the cause of action is based on the inability of the pest control services to effectively poison the spiders. In Michaels the duty to avoid poisoning persons with ultra hazardous chemicals existed whether or not there was a contract between the parties.

Ponzio is factually like the present case in that it was a lawsuit on a pest control contract for failure to eradicate brown recluse spiders, the same spiders in the present case. Like Ponzio at note 3 therein, the allegations of the present complaint are that the pest control service had a duty to control certain pests and that it failed to do so resulting in bodily injury. There is no assertion of strict liability or of a failure to warn and the claims and controversy herein derive from the contract.

Seifert is the most important case. It involves an inherently dangerous design of an air conditioning system so that carbon monoxide gas from a vehicle in the garage circulated through the house and killed Mr. Seifert. The court held that the tort claim related to duties wholly independent of the agreement by the builder to construct the house. Seifert recognized that carbon monoxide poisoning was not related to any of the contemplated terms of the contract. In the present case the contemplated terms of the contract call for the control of spiders. The issue is whether the spiders were properly controlled or not. This at least, raises some issue, the resolution of which requires a reference to or construction of a portion of the contract, namely the portion that obligates the pest control service to control the pests. It involves a disagreement or a controversy relating to the performance or breach of this requirement of the contract as well as the interpretation of how much treatment was necessary in order to effectuate control of the pests.
Unlike an ultra hazardous chemical, or a latent fatally dangerous condition in a home, the present condition is not one imposed by general law or public policy but arises from the contract in question. The obligation is based on a new duty that did not exist without the contract. The tort claims are therefore directly related to the contract. The contract explicitly refers to the control of spiders. It is not necessary to stretch the scope of the arbitration clause in order to encompass *606 these claims. Consequently the arbitration clause is not interfering with a right to jury trial since arbitration clauses are enforceable and favored when the disagreement falls within the scope of the arbitration agreement. E.g., Ronbeck Construction Company, Inc. v. Savannah [Savanna] Club Corporation, 592 So.2d 344 (Fla. 4th DCA 1992).
Sullivan v. Sears Authorized Termite & Pest Control, Inc., No. CL 99-10954 AI order at 1-3 (Fla. 15th Cir.Ct. May 31, 2001).
In reviewing the trial court's order, the Fourth District Court of Appeal determined that this case was controlled by our decision in Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), and by its earlier decision in Terminix International Co. v. Michaels, 668 So.2d 1013 (Fla. 4th DCA 1996), and reversed. See Sullivan, 780 So.2d at 997. In contrast to the trial court's analysis, the Fourth District Court of Appeal found that Seifert and Michaels should be read to mean that Sullivan's claim for personal injuries and damages resulting from the spider bites were not covered by the arbitration provision. See Sullivan, 780 So.2d at 997. The Fourth District Court of Appeal recognized that its decision conflicted with the Fifth District Court of Appeal's decision in Ponzio and certified conflict. See Sullivan, 780 So.2d at 1001. We agree with the trial court's analysis.
In this case, it is clear that the intent of the agreement was to "control" spiders, among other "pests." Thus, Sullivan's cause of action rests upon the failure to perform the agreement. The plain language of this arbitration clause covers the "performance" of the agreement. This clearly is distinct from Seifert, in which we specifically held: "The tort claim filed in this case neither relies on the agreement nor refers to any provision within the agreement. Rather, the petitioner's tort claim relates to duties wholly independent from the agreement." 750 So.2d at 642. We likewise find this case to be distinguishable from the Fourth District Court of Appeal's decision in Michaels, in which the factual allegation was based on the use of ultra-hazardous chemicals. See 668 So.2d at 1015. Rather, we find this case to be similar to the Fifth District Court of Appeal's decision in Ponzio.
Accordingly, we quash the Fourth District Court of Appeal's decision in Sullivan, approve Ponzio to the extent it is consistent with this opinion, and remand this case with instructions that the trial court's order compelling arbitration be affirmed.
It is so ordered.
SHAW, HARDING, ANSTEAD, LEWIS, and QUINCE, JJ., concur. PARIENTE, J., recused.