COHEN, J.
We grant in part Construction Enterprises Inc. of Tennessee d/b/a Construction Enterprises, Inc.'s ("CEI") motion for rehearing or clarification, withdraw our prior opinion, and substitute the following corrected opinion.
Royal Palms Senior Apartments Limited Partnership ("Royal Palms") appeals the nonfinal order entered in favor of CEI staying Royal Palms's lawsuit pending mediation and arbitration. Royal Palms argues that the trial court erred in finding that a valid arbitration agreement existed and that its claim was subject to arbitration.[1] We affirm the trial court's finding that the parties had a valid agreement to arbitrate certain claims. However, because it is unclear whether Royal Palms's claim was one subject to arbitration, we remand for a determination of that issue.
In December 2006, the parties entered into a contract for CEI to construct the *1259 Royal Palms Senior Apartments. The agreement was comprised of the "AIA Document A201-1997 General Conditions of the Contract for Construction" ("General Conditions") and a supplementary document ("Supplementary Conditions"), which modified and deleted portions of the General Conditions and controlled if the two documents conflicted.
In October 2017, Royal Palms filed a complaint against CEI alleging negligence, vicarious liability, breach of contract, and breach of applicable building codes. CEI moved to dismiss or alternatively, to compel mandatory and exclusive dispute resolution procedures, including mediation and arbitration. After a hearing on CEI's motion, the trial court determined that the mediation and arbitration provisions of the General Conditions were binding and enforceable. It stayed the case and ordered mediation followed by arbitration if mediation was unsuccessful. This appeal followed.
"Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999) (quoting Terminix Int'l Co. v. Ponzio, 693 So. 2d 104, 106 (Fla. 5th DCA 1997) ). Here, Royal Palms's arguments implicate only the first two prongs of the Seifert test.
Although courts generally favor arbitration, "no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate." Id. (citing Seaboard Coast Line R.R. v. Trailer Train Co., 690 F.2d 1343, 1352 (11th Cir. Fla. 1982) ). Thus, while ambiguities regarding prong two-the scope of an arbitration clause-should be resolved in favor of arbitration, prong one-the existence of an enforceable arbitration clause-should not. See Seaboard, 690 F.2d at 1352 ("Although Federal policy requires us to resolve any doubt about the application of an arbitration clause in favor of arbitration, the Federal policy cannot serve to stretch a contract beyond the scope originally intended by the parties." (citations omitted)).
While the Supplemental Conditions eliminated some of the General Conditions related to arbitration, provisions requiring arbitration remained.
Pursuant to the General Conditions as modified by the Supplementary Conditions, the "exclusive procedures" for resolving claims require all claims to be submitted to the Architect. Decisions of the Architect are final and binding, subject to mediation and arbitration. If the parties are not satisfied with the Architect's decision, they may first mediate the claim. If mediation is unsuccessful, the only remaining option is to arbitrate the claim. Thus, because the General Conditions as modified by the Supplementary Conditions require arbitration if the parties are unsatisfied with the Architect's decision and if mediation is unsuccessful, we find that the trial court did not err in concluding that the parties had a valid agreement to arbitrate.
However, if the Architect does not render a decision on a claim within thirty days, under the wording of the contract, arbitration is not mandated. After thirty days, a party may mediate the claim. Part of the "exclusive procedures" for resolving claims provides that mediation is a prerequisite to arbitration and litigation. Thus, because the "exclusive procedures" contemplate mediation, arbitration, and litigation of claims, claims for which the Architect does not render a decision are not subject only to arbitration if mediation is *1260 unsuccessful. A party cannot be forced to arbitrate a claim it did not agree to arbitrate. See Seifert, 750 So. 2d at 633 (citing Seaboard, 690 F.2d at 1352 ).
The record is less clear regarding the second prong of the Seifert test-whether Royal Palms's claim was an arbitrable issue. The trial court's order mandating mediation followed by arbitration did not include a determination of whether Royal Palms submitted its claim to the Architect and whether the Architect rendered a decision. Thus, it is unclear whether Royal Palms was required to arbitrate its claim. Accordingly, we remand for a determination of that matter and proceedings, if any, consistent with this opinion.
AFFIRMED in part; REVERSED in part; and REMANDED.
BERGER and EDWARDS, JJ., concur.

Royal Palms also argues that the trial court applied an improper standard in determining that a valid arbitration agreement existed. The trial court never announced what standard it used in making its determination, and thus, this argument lacks merit.