807 So.2d 173 (2002)
PRUDENTIAL SECURITIES, INC., Appellant,
v.
Michael KATZ, Appellee.
No. 3D01-3126.
District Court of Appeal of Florida, Third District.
February 13, 2002.
*174 Greenberg, Traurig and Joseph C. Coates, III and Bradford D. Kaufman, West Palm Beach, and Marissa D. Kelley, Fort Lauderdale, for appellant.
Ron Bradley Kurtz, for appellee.
Before FLETCHER and RAMIREZ, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Employer Prudential Securities, Inc. appeals an order denying its Motion to Compel Arbitration and to Stay Litigation. We reverse.
In February of 1996, pursuant to an employment agreement that outlined the parties' rights with regard to employment duties, performance, term, compensation, customer records, and remedies, Michael Katz was hired by Prudential as a financial advisor. In that agreement Katz promised that he would submit to arbitration "any claim or controversy ... relating to his employment or termination of [his] employment." A second document Katz executed expressly stated that he agreed to arbitrate "any dispute, claim or controversy." On September 30, 1999, Katz sent a letter to Prudential, expressing concerns about what he perceived as his employer's illegal conduct. October 22, 1999, Prudential responded, denying the allegations. Less than a week later, Katz's employment was terminated. Thereafter, Katz sought statutory relief under the Florida Whistle Blower Act, sections 448.101 through 448.105 Florida Statutes (2000). Prudential filed a Motion to Compel Arbitration, which the trial judge denied.
Katz was an at will employee whose employment could be terminated at any time. The agreement he signed promised that he would submit to arbitration any claim or controversy relating to his employment or termination. The U.S. Supreme court enforced such an agreement in a case claiming age discrimination in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Both Florida and Federal courts have consistently read arbitration clauses as applicable to a broad range of actions. The Florida Supreme Court has held that "arbitration is a favored means of dispute resolution and courts indulge every reasonable presumption to uphold proceedings resulting in an award." Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla. 1988). That principle was applied in Ronbeck Const. Co. v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992), where the court held that Florida courts, like Federal courts, should resolve all doubts in favor of arbitration rather than against it.[1]See Sabates v. International Medical Centers, *175 Inc., 450 So.2d 514 (Fla. 3d DCA 1984). As set out in Pierce v. J.W. Charles-Bush Securities, Inc., 603 So.2d 625, 627-28 (Fla. 4th DCA 1992):
In a steady drumbeat of cases since Keating, [Southland Corporation v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)], the Court has reversed a number of decisions precluding arbitration for various statutory claims. In Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), the Court rejected a long line of cases which had held that arbitration was inappropriate, and thus could not be compelled even if agreed, for antitrust and RICO claims. Similarly, in Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the Court ended the long held belief that securities fraud claims, as here, under the Securities Exchange Act of 1934 and rule 10b-5 cannot be ordered to agreed arbitration. And, in Gilmer v. Interstate/Johnson Lane Corporation, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the Court found no exemption even for civil rights claims, in that case under the Age Discrimination in Employment Act. If civil rights, antitrust and securities fraud claims are not inappropriate for arbitration, it is very difficult to imagine a civil claim in which an agreement to arbitrate would not be enforced. See also Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); and Scherk v. Alberto-Culver Co., 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)
The arbitration clause at issue expressly covers Katz's claim and clearly controls as to the instant controversy. We see no reason for a claim under the Florida Whistle Blower Act to employ an analysis different than that employed in the cases outlined above. Accordingly, the order under review is reversed.
NOTES
[1] Katz relies on Seifert v. U.S. Home Corp., 750 So.2d 633, 638 (Fla.1999), as mandating a different result. We disagree. Seifert considered a different agreement in a different factual context. We see nothing in Seifert as changing the well established authority requiring the enforcement of arbitration agreements.