901 So.2d 1017 (2005)
KING MOTOR COMPANY OF FORT LAUDERDALE d/b/a Saturn of West Broward, Appellant,
v.
Judith JONES, Appellee.
No. 4D04-72.
District Court of Appeal of Florida, Fourth District.
May 18, 2005.
Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, and Ricardo A. Reyes of Tobin & Reyes, P.A., Boca Raton, for appellant.
Jerard C. Heller, Fort Lauderdale, for appellee.
TAYLOR, J.
Appellee, Judith Jones, became a victim of identity theft when she purchased a car at a dealership. She sued King Motor Company of Fort Lauderdale, Inc. (King Motor), alleging that a King Motor's salesman used the information contained on her credit application to steal her identity and make fraudulent purchases and bank account withdrawals. Her complaint included claims for negligence, gross negligence, unfair and deceptive trade practices, and a violation of the Credit Services Organization Act. In this appeal, King Motor challenges the trial court's order denying its *1018 motion to stay and compel arbitration. Because we agree with the trial court's ruling that appellee's claims are not subject to arbitration, we affirm.
An order denying a motion to compel arbitration is generally reviewed de novo. See Hirshenson v. Spaccio, 800 So.2d 670 (Fla. 5th DCA 2001). In determining whether a dispute is subject to arbitration, courts must consider three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999)(citing Terminix Int'l Co. L.P. v. Ponzio, 693 So.2d 104, 106 (Fla. 5th DCA 1997)).
We first note that the validity of the written arbitration agreement is not in dispute. Second, though the parties below advanced arguments concerning waiver of the right to arbitration, the record does not reflect a ruling on this issue. Third, appellant's point on appeal, that the arbitrator, rather than the judge, should have decided the issue of arbitrability, was not properly raised below. Therefore, the sole issue for our review is whether an arbitrable issue exists.
The language in the arbitration clause is as follows:
Buyer/lessee acknowledges and agrees that the vehicle the buyer/lessee is purchasing or leasing from the dealer has traveled in interstate commerce. Buyer/lessee thus acknowledges that the vehicle and other aspects of the sale, lease or financing transaction are involved in, affect, or have a direct impact upon interstate commerce.
Buyer/lessee and dealer agree that all claims, demands, disputes or controversies of every kind or nature between them arising from, concerning or relating to any of the negotiations involved in the sale/lease or financing of the vehicle, the terms and provision of the sale, lease, or financing arrangements, the arrangements for financing, the purchase of insurance, extended warranties, service contracts or other products purchased as an incident to the sale, lease or financing of the vehicle, the performance or condition of the vehicle, or any other aspects of the vehicle and its sale, lease or financing, shall be settled by binding arbitration, conducted pursuant to the provisions of the Federal Arbitration Act, 9. U.S.C. Section 1 et seq. and according to the commercial arbitration rules of the American Arbitration Association. Without limiting the generality of the foregoing, it is the intention of the buyer/lessee and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle, its sale, lease or financing, and its condition, including disputes concerning the terms and conditions of the sale, lease, or financing, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale, lease or financing of the vehicle, or negotiations for the sale, lease or financing of the vehicle, or any terms conditions, representations or omissions made in connection with the financing, credit, life insurance, disability insurance, vehicle extended warranty or service contract or other products or services acquired as an incident to the sale, lease or financing of the vehicle.
Either party may demand arbitration, by filing.... Buyer/lessee and dealer further agree that any questions regarding whether a particular controversy is subject to arbitration shall be decided by the Arbitrator.
...
BUYER/LESSEE AND DEALER UNDERSTAND THAT THEY ARE AGREEING TO RESOLVE THE *1019 DISPUTES BETWEEN THEM DESCRIBED ABOVE BY BINDING ARBITRATION RATHER THAN BY LITIGATING IN COURT.
(emphasis supplied).
King Motor looks to the broad italicized language above to support its position that appellee's causes of action arise out of, or relate to, the sales contract and, particularly, the financing associated with the vehicle sale. Appellee counters that her causes of action do not arise from or concern the sales transaction, notwithstanding King Motor's contention that "but for" the sale, there would not have been a theft of her identity.
Seifert is instructive when considering whether a trial court should exclude certain tort and statutory claims from arbitration despite broad arbitration language. Deciding whether a particular claim is covered by a broad arbitration provision requires a determination of whether a significant relationship exists between the claim and the agreement containing the arbitration clause, regardless of the legal label attached to the dispute. Seifert, 750 So.2d at 637-38.
In Seifert, the plaintiff brought a wrongful death action against her house builder. She and her husband had contracted with the builder to construct a new house. After the Seiferts moved into the house, the husband left his car running in the garage. The air conditioning system, which was located in the garage, picked up the carbon monoxide emissions from the car and distributed them through the house, killing the husband. The wife, as personal representative of her husband's estate, sued the builder for negligence. The builder moved to submit the wrongful death action to arbitration, based on an arbitration clause in the purchase and sale contract providing for arbitration of "any controversy or claim arising under or related to this agreement or to the property." 750 So.2d at 635. The issue in Seifert was whether these arbitration terms in the purchase and sale contract required the wrongful death claim to be arbitrated.
The Fifth District Court of Appeal held that the issue was arbitrable because the claims arose under or related to the contract for construction of the home. U.S. Home Corp. v. Seifert, 699 So.2d 787 (Fla. 5th DCA 1997). However, the Florida Supreme Court quashed the decision, noting that "even in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause." Seifert, 750 So.2d at 638. The supreme court disagreed that an agreement to arbitrate in a purchase and sale agreement necessarily requires "arbitration of a subsequent and independent tort action based upon common law duties." Id. at 635. It further noted that "the mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one `arising out of or relating to' the agreement." Id. at 638.
After reviewing case law from Florida and other jurisdictions and comparing how various courts interpret arbitration clauses that include all claims or controversies "arising out of" the subject contract, the supreme court ultimately adopted the reasoning employed in our holding in Terminix International Co., L.P. v. Michaels, 668 So.2d 1013 (Fla. 4th DCA 1996). There, we relied upon and adopted the Arizona Court of Appeal's holding in Dusold v. Porta-John Corp., 167 Ariz. 358, 807 P.2d 526 (Ct.App.1990). The supreme court in Seifert quoted Dusold:
If the contract places the parties in a unique relationship that creates new *1020 duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract. (citation omitted). Analogously, such a claim would be one arising from the contract terms and therefore subject to arbitration where the contract required it. If, on the other hand, the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract, but sounds in tort. Therefore, a contractually-imposed arbitration requirement ... would not apply to such a claim.
Seifert, at 639 (quoting Dusold, 807 P.2d at 529-31).
As mentioned above, this case involves tort claims based on King Motor's alleged breach of duty to keep customers' confidential and financial information safe. These claims do not implicate contractual duties created or governed by the contract but concern duties generally owed to the public, i.e., to others besides appellee Jones. None of the allegations in the complaint require reference to or construction of any portion of the purchase and sale or financing agreement between the parties. Because this action is predicated upon a theory of negligence unrelated to the rights and obligations of the contract, it does not have a sufficient relationship to the agreement as to fall within the arbitration provision. Accordingly, we affirm the trial court's denial of the stay and motion to compel arbitration.
AFFIRMED.
STEVENSON and MAY, JJ., concur.