954 So.2d 1210 (2007)
Armida MEDANIC, individually, Appellant,
v.
CITICORP INVESTMENT SERVICES, a foreign corporation, and Luis Prieto, in his individual capacity, Appellees.
No. 3D06-2970.
District Court of Appeal of Florida, Third District.
April 18, 2007.
*1211 William Richey; Ferrell Law and Carlos A. Nunez-Vivas, Miami and Lilly Ponce, for appellant.
Bressler, Amery & Ross and Alex J. Sabo and Seth V. Alhadeff, Miramar, for appellees.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
CORTIÑAS, Judge.
The plaintiff, Armida Medanic ("Medanic"), appeals from the portion of a non-final order granting Citicorp Investment Services, Inc. ("CIS") and Luis Prieto's ("Prieto") motion to stay Medanic's action pending arbitration. We affirm.
In August 2000, Medanic opened an account with CIS. She signed a Brokerage Agreement (the "Agreement") that required arbitration of "all controversies which may arise concerning any order or transaction, or the construction, performance, or breach of this Agreement."
Subsequently, Medanic consulted with Prieto, a Vice-President and Financial Executive at CIS, regarding a suitable investment for the funds in her account. Medanic alleges that she told Prieto she wanted to invest in a product that would provide safety of capital. Medanic contends that she relied on Prieto's advice and decided to invest in a SunLife fixed annuity that guaranteed the return of capital and earned interest over a seven-year period. Instead, Prieto allegedly purchased a SunLife variable annuity that allocated her money to variable funds with risk to original capital. Additionally, Medanic alleges that when she asked Prieto about the losses reflected in her account statements, Prieto concealed material facts and made misrepresentations concerning the investments.
Thereafter, the value of the SunLife variable annuity consistently decreased and Medanic filed a complaint against CIS and Prieto (collectively "defendants"), alleging a breach of fiduciary duty, violations of Florida's Blue Sky law, and constructive fraud. In response to the complaint, the defendants moved to stay this action pending arbitration. The trial court found that Medanic's purchase of the SunLife annuity from Prieto was an "order or transaction" within the meaning of the foregoing arbitration provision. Therefore, the trial court granted the defendants' motion to stay pending arbitration of Medanic's claims.
We review the trial court's construction of an arbitration provision de novo. Turner Const. Co. v. Advanced Roofing, Inc., 904 So.2d 466, 468 (Fla. 3d DCA 2005) (citation omitted). In ruling on a motion to compel arbitration, Florida courts should resolve all doubts in favor of arbitration rather than against it. Prudential Secs., Inc. v. Katz, 807 So.2d 173, 174 (Fla. 3d DCA 2002) (citing Ronbeck Const. Co. v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992)).
Nevertheless, arbitration is favored only as to those disputes which the parties actually agreed to arbitrate. Citigroup, Inc. v. Amodio, 894 So.2d 296, 298 (Fla. 4th DCA 2005) (citing Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ., 489 U.S. 468, 478-79, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)), rev. denied, 911 So.2d 792 (Fla.2005). Under Florida law, the "intent of the parties" determines whether an arbitration provision mandates arbitration of a particular dispute. Id. at 298 (quoting Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla. 1999)). A court must "discern the intent of the parties from the language used in their agreement." Id. at 298-99 (citing Gendzier v. Bielecki, 97 So.2d 604, 608 *1212 (Fla.1957)). "`The [unambiguous] terms of the contract . . . are conclusive . . . the question being, not what intention existed in the minds of the parties, but what intention is expressed by the language used.'" Id. at 299 (alteration in original) (quoting Lyng v. Bugbee Distrib. Co., 133 Fla. 419, 182 So. 801, 802 (1938)).
On appeal, Medanic relies on Amodio, wherein the Fourth District considered an identical arbitration provision and held that the plaintiff's fraud, misrepresentation, and violation of Florida Blue Sky law claims did not fall within the scope of the parties' arbitration agreement. Id. at 300. In Amodio, the plaintiff filed a complaint against this same defendant, CIS, as well as Citigroup and Salomon Smith Barney, after the investor lost all of the value of his WorldCom stock in his account. Id. at 298. The plaintiff had acquired the stock during his employment with WorldCom and placed them in an account at Citicorp. Id. at 297. He signed an account agreement with Citicorp that contained the same arbitration provision at issue in this case. Id. Subsequently, the plaintiff, fearing that his entire holdings were in WorldCom stock alone, sought advice from a Citigroup representative. Id. at 298. The representative referred the plaintiff to an analyst at Salomon Smith Barney, a subsidiary of Citigroup, who recommended that the plaintiff hold on to the WorldCom shares because they were projected to increase in value. Id. The plaintiff did not buy or sell any of his WorldCom stock through his Citicorp account and he did not give Citicorp any discretion to manage his account. Id. at 297-98. Some time later, the WorldCom stock decreased and the plaintiff lost all the value in his account. Id. at 298. The plaintiff filed a complaint against Citicorp, Citigroup, and the successor to Salomon Smith Barney (collectively "defendants"). Based on the foregoing arbitration provision, the defendants all moved to compel arbitration of the plaintiff's claims.[1]Id.
The Amodio court held that the plaintiff's claims were not subject to arbitration because the claims arose directly from the analyst's advice on whether to sell his WorldCom stock shares and not from "an order or transaction" within the meaning of the arbitration provision. Id.; see also Beazer Homes Corp. v. Bailey, 940 So.2d 453, 459 (Fla. 5th DCA 2006) (interpreting Amodio). Pursuant to Seifert, the Amodio court first looked to the plain language of the arbitration provision. Amodio, 894 So.2d at 299. The court read the words in the agreement narrowly, and determined that the parties expressed a clear intent to arbitrate only those disputes involving an "order or transaction" or alternatively, "which arise from their agreement in some direct way." Id. Because the dispute in Amodio did not arise from an "order or transaction" or "performance of the investment agreement," the court could not, based on the plain language of the arbitration provision, compel arbitration of the plaintiff's claims.[2]See id.
*1213 Unlike Amodio, the dispute in this case arose from an "order or transaction" under the plain language of the arbitration provision. By its plain language, the arbitration provision at issue applies to "all controversies which may arise concerning [1] any order or transaction, or [2] the construction, performance, or breach of th[e] Agreement." It is undisputed that Medanic deposited funds into an account at CIS and, thereafter, purchased a SunLife annuity with those funds. It is also undisputed that Medanic is challenging the suitability of this particular transaction. While in Amodio the plaintiff's claim arose directly from the analysts' advice, here, Medanic's claims arose directly from the purchase of an investment product. As such, we hold that the arbitration provision applies to Medanic's claims.
Accordingly, we affirm the trial court's order granting CIS's request to stay this action pending arbitration.
Affirmed.
NOTES
[1] Although only Citicorp was a signatory to the agreement, the other two defendants claimed the agreement benefited them as well. The court noted that the theories of benefit were not relevant to the disposition of the case because the appeal was decided on other grounds. Amodio, 894 So.2d at 298 n. 1.
[2] After concluding that the claims did not arise from an "order or transaction," the Amodio court was compelled to address whether the claims arose from the "performance of the investment agreement" pursuant to the principles set forth in Seifert. Because we find that Medanic's claims arise from an "order or transaction," we need not determine whether the claims arise from "performance of the investment agreement."