968 So.2d 117 (2007)
HOSPICECARE OF SOUTHEAST FLORIDA, INC., Appellant,
v.
Malcolm MAJOR, M.D., Appellee.
No. 4D07-442.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
*118 Joseph R. Fazio, III, of Fazio, Disalvo, Cannon, Abers, Podrecca, Fazio & Carroll, Fort Lauderdale, for appellant.
Stuart A. Rosenfeldt, Shawn L. Birken and Matthew S. Sackel of Rothstein Rosenfeldt Adler, Fort Lauderdale, for appellee.
STEVENSON, J.
This case arises out of an employment dispute between Malcolm Major, M.D. and Hospicecare of Southeast Florida, Inc. Plaintiff/Appellee, Malcolm Major, M.D., brought an action for breach of employment contract and a claim under the Florida Whistle-blower's Act. Defendant/Appellant, Hospicecare of Southeast Florida, Inc., filed a motion to compel arbitration and stay the action. The trial judge held that the breach of contract claim was arbitrable, while the Whistle-blower's claim was not. Hospicecare appeals the trial judge's denial of its motion to compel arbitration with respect to the Whistle-blower's claim. We reverse and hold that the Florida Whistle-blower's Act claim is subject to arbitration under the parties' agreement.
"An order denying a motion to compel arbitration is reviewed de novo." Place at Vero Beach, Inc. v. Hanson, 953 So.2d 773, 774 (Fla. 4th DCA 2007) (citing King Motor Co. of Ft. Lauderdale v. Jones, 901 So.2d 1017 (Fla. 4th DCA 2005)). "`In determining whether a dispute is subject to arbitration, courts must consider three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.'" Id. (quoting King Motor Co., 901 So.2d at 1018); see also Fla. Power & Light Co. v. Road Rock, Inc., 920 So.2d 201, 203 (Fla. 4th DCA 2006). The question of whether a dispute is within the scope of arbitration is a matter of contract interpretation. O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd., 944 So.2d 181, 183 (Fla.2006); Fla. Envtl. Servs., Inc. v. Rentoumis, 950 So.2d 466, 470 (Fla. 4th DCA 2007). Courts must look to the intent of the parties as manifested in the contract to determine whether or not an arbitration clause compels arbitration of a particular dispute. O'Keefe Architects, Inc., 944 So.2d at 185. Doubts concerning the scope of arbitration agreements should be resolved in favor of arbitration on all issues related to the contract. Id.
Dr. Major was hired as Hospicecare's medical director. The employment agreement entered into by the parties contains an arbitration clause that states, subject to certain exceptions that are not relevant here, "any controversy or claim arising out of or related to this Agreement, or any breach thereof, shall be settled by arbitration." At issue in the present case is whether the Florida Whistle-blower's Act claim brought by Dr. Major against Hospicecare is arbitrable.
Clauses that use the words "arising under" are typically interpreted narrowly, while clauses that use the words "arising out of or relating to" are typically interpreted broadly. Fla. Envtl. Servs., Inc., 950 So.2d at 470; see also O'Keefe Architects, Inc., 944 So.2d at 185 (interpreting "`arising out of or relating to' the contract" as a "broad provision").
Several courts in Florida have held that claims under the Florida Whistle-blower's Act may be subject to arbitration. See, e.g., Brasington v. EMC Corp., 855 So.2d 1212, 1214 (Fla. 1st DCA 2003) (compelling arbitration of a Whistle-blower's claim where arbitration clause applied to disputes "arising out of or relating to your employment by the company"); Prudential Sec., Inc. v. Katz, 807 So.2d 173, 174 *119 (Fla. 3d DCA 2002) (compelling arbitration of a Whistle-blower's claim where arbitration clause applied to disputes "relating to his employment or termination of [his] employment"). In the present case, the trial judge reasoned that since the instant arbitration provision contained the terms, "any controversy or claim arising out of or relating to this Agreement" as opposed to "arising out of or relating to the employment relationship," the arbitration clause did not apply to a statutory Whistle-blower's claim because Major's rights under the Florida Whistle-blower's Act exist irrespective of his rights under the employment agreement. We believe that the trial court's interpretation was too narrow.
In Delaurier v. American Welding Society, Inc., 881 So.2d 613, 614 (Fla. 3d DCA 2004), the Third District compelled arbitration of a Whistle-blower's claim where the arbitration clause was virtually identical to that at issue here. Chief Judge Schwartz wrote:
It is clear that the appellant's claim against his former employer under the Whistle Blower Act, sections 448.101.105, Florida Statutes (2002), is encompassed by the arbitration clause in the parties' employment contract which provides that "[a]ny controversy or claim between the Executive and the Corporation arising out of or relating to this Agreement shall be submitted to arbitration in Dade County, Florida in accordance with the rules of the American Arbitration Association."
Id. We agree with the holding of Delaurier.
In addition, the language of the Florida Whistle-blower's Act expressly protects and preserves the rights of parties to an employment contract where those rights are not inconsistent with the Act itself. Pursuant to section 448.105, Existing Rights, the Act states:
This act does not diminish the rights, privileges, or remedies of an employee or employer under any other law or rule or under any collective bargaining agreement or employment contract.
When read together, both the plain language of the employment agreement and the express statutory language of the Florida Whistle-blower's Act direct the conclusion that Major's Whistle-blower's claim is arbitrable. While mindful of the public interest that is served by litigating statutory rights of action, we are persuaded by the express language of the contract and the capacity of the arbitration forum to provide adequate redress for the statutory Whistle-blower's claim.
Major also argues that the order denying the motion to compel arbitration of the Whistle-blower's claim was proper because the costs of arbitration would be unduly burdensome and he will not be able to fully recover his statutory remedies in arbitration. These arguments were not argued below and the record before this court does not support either claim.
Reversed.
STONE and HAZOURI, JJ., concur.