SUAREZ, J.
The appellant (“Paul Bates”) appeals a non-final order terminating arbitration. We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(iv). We reverse the order terminating arbitration and remand for further proceedings, finding that the Arbitration Agreement in question requires arbitration of the facts contained in the Amended Claim and, even if not, we find that the parties were collaterally estopped from raising the issue before the trial court.
This arbitration matter arose from the filing of a civil complaint for damages against the appellees, The Betty & Ross Co., a dissolved corporation, and Alec Ross, for breach of contract based on mortgage agreements and promissory notes, damages for money due, including legal fees and costs of litigation, and civil theft. After the complaint was filed, the parties voluntarily entered into an arbitration agreement which required them to submit to arbitration “with respect to the allegations in the complaint.” The trial court then ordered the case to arbitration. Once the matter was in arbitration, Bates filed an Amended Claim alleging wrongful conduct on the part of Alec Ross, individually, and against the corporation for bad faith in providing incorrect payoff informa *617 tion for refinancing with regard to the loans. The civil theft allegations were dropped. The Betty & Ross Co. and Alec Ross moved the Arbitration Panel to terminate arbitration, arguing that Bates had breached the arbitration agreement by substituting a different set of allegations not encompassed by the original arbitration agreement that, they contend, are not subject to arbitration. The Arbitration Panel found a nexus between the new claims and those contained within the arbitration agreement and denied the motion to terminate arbitration without prejudice. Unhappy with the Arbitration Panel’s decision, Alec Ross then moved in the Monroe County Circuit Court to terminate arbitration basically on the same grounds as previously argued before the Arbitration Panel. The trial judge granted the motion to terminate arbitration. The granting of Ross’s motion to terminate is now before this Court on non-final review.
Bates contends on appeal that the Amended Claim includes issues essentially the same as those in the original complaint — claims for causing Bates’s inability to refinance loans by supplying incorrect payoff information, incorrectly alleging that a default had occurred, charging an inappropriate interest rate and failing to provide funds at closing — stemming from the breach of contract action claim on the mortgage agreements. Bates contends that it was an abuse of the trial court’s discretion to terminate arbitration and to refuse to allow the Amended Claim in contravention of Florida’s liberal rule of allowing amendment of pleadings where there is no prejudice to the opposing party. See Stirman v. Michael Graves Design Group, Inc., 983 So.2d 626 (Fla. 3d DCA 2008).
In determining whether or not certain issues fall within the scope of an arbitration agreement, the scope of the agreement should be resolved in favor of arbitration, not against it. See Waterhouse Constr. Group v. 5891 S.W. 64th St., LLC, 949 So.2d 1095 (Fla. 3d DCA 2007); Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc., 661 So.2d 969 (Fla. 5th DCA 1995). Here, the parties’ Arbitration Agreement states that it encompasses all issues “with respect to the allegations in the complaint.” The American Heritage Dictionary defines “respect” with the synonym “regard.” “Regard” is defined as “concerning or with respect to.” The facts alleged in the Amended Claim “concern” the allegations in the complaint for damages as they are contained within the facts as alleged in the complaint itself, and are stated within the appellees’ affidavit in support of its motion for summary judgment. These facts certainly “regard” the claims the appellant has presented before the Arbitration Panel on the breach of contract action. We construe the facts stated in the Amended Claim as having been alleged “with respect to” those allegations in the original complaint. The Amended Claim therefore comes within the scope and meaning of the arbitration clause. Cf. Seifert v. U.S. Home Corp., 750 So.2d 633, 638 (Fla.1999) (holding that the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause). Because the Amended Claim is subject to arbitration, we reverse the grant of the appellees’ motion to terminate arbitration.
Moreover, we agree that the parties were collaterally estopped from even bringing this issue before the trial court. “Several courts have appropriately concluded that a determination made during an arbitration proceeding can provide an appropriate foundation for the application of collateral estoppel.” Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., *618 945 So.2d 1216, 1235 (Fla.2006). The parties in this case were collaterally estopped from bringing the issue of whether termination was appropriate before the circuit court by first raising the issue before the Arbitration Panel and receiving a ruling from the panel. The essential elements of collateral estoppel, that the parties and issues are identical and that the particular matter was fully litigated and determined resulting in a final decision of a court of competent jurisdiction, are present here. See Dep’t of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906, 910 (Fla.1995). Therefore, the determination made in the arbitration proceeding by the Arbitration Panel to deny the motion to terminate arbitration bars the trial court from hearing the motion to terminate arbitration under the doctrine of collateral estoppel. Dadeland Depot, Inc., v. St. Paul Fire & Marine Ins. Co., 945 So.2d at 1216.
We therefore reverse the order below terminating the arbitration proceeding, and remand to transfer the cause to the Arbitration Panel for further consideration.
Reversed and remanded with directions.