# Third District Court of Appeal
## State of Florida

Opinion filed January 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1102
Lower Tribunal No. 20-24663 CC

_____

**Yechiel Baron**
Appellant,

vs.

**L.P. Evans Motors WPB, Inc., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Bales Sommers & Klein, P.A., and Richard M. Bales, Jr. and Jason Klein, for appellant.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire Stamper (Fort Lauderdale); Law Office of Richard A. Ivers, and Richard A. Ivers (Coconut Creek), for appellee.

Before LOGUE, SCALES and GORDO, JJ.

SCALES, J.

Appellant Yechiel Baron appeals a $21,000 final judgment that awarded appellee L.P. Evans Motors WPB, Inc. d/b/a Mercedes-Benz of Miami ("L.P. Evans") attorneys' fees and costs incurred by L.P. Evans in an arbitration proceeding. Because the parties expressly agreed to arbitrate all claims arising from Baron's lease agreement, including L.P. Evans's claim for fees and costs, we reverse the judgment.

## I.     Relevant Background

### A. The parties' lease and arbitration agreements

In 2016, Baron leased a Mercedes vehicle from L.P. Evans for a three-year period. In conjunction with this transaction, the parties executed a lease agreement (that contained an arbitration provision) along with a separate arbitration agreement. The lease agreement contained a provision requiring Baron to pay L.P. Evans's legal fees in the event L.P. Evans hired an attorney to enforce its rights under the lease agreement.[1]

The lease agreement also contained an arbitration provision that provided, as follows: "1. If either you or we choose, any dispute between you and us will be decided by arbitration and not in court. 2. If such dispute is

---

[1] The lease agreement's attorneys' fee provision provided, in relevant part: "You agree that in the event we hire an attorney to collect any amount due or enforce any right or remedy under this lease, you shall pay our attorney fees and court costs."

2

arbitrated, you and we will give up the right to a trial by a court or a jury trial." The lease agreement's arbitration provision defined the scope of arbitral disputes, as follows:

> Any claim or dispute, whether in contract, tort or otherwise (including any dispute over the interpretation, scope, or validity of this lease, Arbitration section or the arbitrability of any issue), between you and us or any of our employees . . . which arises out of or relates to . . . this lease, or any resulting transaction or relationship arising out of this lease shall . . . be resolved by a neutral, binding arbitration and not by a court action.

The parties' separate arbitration agreement is similar to the lease agreement's arbitration provision while also amplifying the latter's arbitration provision. Notably, the separate arbitration agreement reinforces the notion that arbitration is the sole method for resolving disputes between the parties,[2] provides a mechanism for either party to appeal an arbitration

---

[2] In relevant part, the separate arbitration agreement provides:

> You and the Dealership agree that neutral and binding arbitration on an individual basis only will be the sole method of resolving any claim, dispute or controversy (collectively, "Claims") that either party has arising from the Purchaser /Dealership Dealings . . . . Claims include, but are not limited to the following: (1) Claims in contract . . . ; (2) Claims relating to any representations, promises, undertakings, warranties, covenants or service; (3) Claims regarding the interpretation, scope or validity of this Agreement, or arbitrability of any issue; (4) Claims between you and the Dealership . . . .

award to an appellate arbitrator, and contains a finality provision in the event neither party appeals the arbitration award to the appellate arbitrator.[3]

## B. The parties' dispute and resulting arbitration proceeding

When Baron returned the vehicle to L.P. Evans after the expiration of the lease term, pursuant to the excess mileage provision of the lease agreement, L.P. Evans charged Baron excess mileage fees of about $8,500.00 (the lease agreement contained a 22,500-mile mileage allowance provision requiring Baron to pay .25/mile for any excess mileage). In response to these excess mileage charges, Baron, as the arbitration claimant, filed an arbitration complaint with the American Arbitration Association, and in his complaint asserted entitlement to attorneys' fees.[4] L.P. Evans, as the arbitration respondent, filed its answer to Baron's arbitration complaint, and, in its answer, asserted entitlement to attorney's fees pursuant to, *inter alia*, the lease agreement.

---

[3] This provision reads, in relevant part, as follows: "If there is no appeal as stated below, the Arbitrator's award shall be final, binding, and conclusive on the parties . . . and may be entered in an any court of competent jurisdiction."

[4] While not relevant to this appeal, Baron's arbitration complaint alleged that the excess mileage assessment provision of the lease agreement violated the federal Truth in Lending Act because it was "unclear, ambiguous and confusing."

Prior to the arbitration hearing, the parties submitted to the arbitrator a joint pretrial stipulation, which, for reasons that are unclear from the record, contained the following statement: "<u>ATTORNEY'S FEES:</u> Respondent does not consent to the submission of the attorneys' fees and costs issues for determination by the Arbitrator." The arbitrator conducted a final hearing in June 2020, and ultimately rendered his Final Arbitration Award in L.P. Evans's favor, denying all of Baron's claims. The award contained the following language:

> This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied. Because the parties have not stipulated to the Arbitrator's jurisdiction as to the issue of attorneys' fees and costs, the Arbitrator makes no ruling as to such issues.

C. *The award confirmation proceedings and resulting challenged judgment*

Neither party appealed, nor otherwise challenged, the arbitration award. On October 20, 2020, L.P. Evans filed in the Miami-Dade County Circuit Court a petition to confirm the arbitration award and for entry of final judgment in accordance with the arbitration award. In its petition, L.P. Evans also asked the trial court to reserve jurisdiction to award attorneys' fees. Baron did not object to that portion of L.P. Evans's petition seeking to confirm the arbitration award, but Baron filed an objection to that portion of the petition requesting that the trial court adjudicate L.P. Evans's fee claim.

5

Baron argued below (as he does on appeal) that the trial court was without authority to adjudicate L.P. Evans's fee claim because the parties had expressly agreed that arbitration would be the sole method of resolving any claim, dispute or controversy arising out of the parties' dealings.

On December 9, 2020, the trial court conducted a hearing on L.P. Evans's petition and, on December 17, 2020, the trial court rendered an order that both (i) entered a judgment confirming the arbitration award, and (ii) granted that portion of Evans' petition seeking entitlement to attorneys' fees.[5] After conducting an evidentiary hearing as to the amount of attorneys' fees and costs L.P. Evans incurred in the arbitration proceeding, the trial court entered the challenged April 28, 2021 final judgment awarding L.P. Evans $18,000 in attorneys' fees and $3,000 in costs. Baron timely appealed this judgment.

II.     **Discussion[6]**

A trial court reversibly errs by adjudicating a claim that the parties have agreed to arbitrate. See e.g., Bates v. Betty & Ross, Co., 46 So. 3d 615, 617

---

[5] While Baron appealed this December 17, 2020 order (case number 3D21-208), he voluntarily dismissed the appeal before the commencement of briefing.

[6] We review *de novo* a trial court's interpretation of an arbitration agreement. Medanic v. Citicorp Inv. Servs., 954 So. 2d 1210, 1211 (Fla. 3d DCA 2007).

6

(Fla. 3d DCA 2010). The legal issue presented to this Court, then, is whether the parties agreed to arbitrate, rather than to litigate, attorneys' fee claims associated with their otherwise arbitral dispute. Baron argues that L. P. Evans's claim for fees and costs is subject to arbitration because it arises from, and is premised upon, the parties' lease agreement; and that the parties' lease agreement and separate arbitration agreement plainly provide for the arbitration of all disputes arising from the parties' contractual relationship. L.P. Evans argues that, notwithstanding the language of the subject agreements, the permissive language of section 682.11(2) of the Florida Statutes authorizes either the arbitrator or the trial court to adjudicate all fee claims. We agree with Baron.

At the outset of their relationship, the parties plainly and unequivocally stipulated and agreed to arbitrate, rather than to litigate, all disputes and claims between the parties. The parties' agreements unambiguously provide for arbitration of all disputes arising from the parties' relationship.[7] In the arbitration context, Florida courts have routinely construed this "arising from" language as "hav[ing] a direct relationship to a contract's terms and provisions." Jackson v. Shakespeare Found., Inc., 108 So. 3d 587, 593 (Fla.

---

[7] The lease agreement uses the phrase, "arising out of or relates to." The separate arbitration agreement uses the phrase "arising from."

7

2013). Even in the narrowest of views, L.P. Evans's claim for attorneys' fees and costs clearly arises from, and is premised upon, L.P. Evans's contractual relationship with Baron. Thus, based on the plain language of the lease agreement and the separate arbitration agreement, the attorneys' fee and costs dispute is subject to arbitration, and not to litigation. L.P. Evans's unilateral statement in the arbitration proceeding's pre-trial stipulation – that it did not consent to have the arbitrator decide its fee claim – was legally ineffective to alter the clear and unambiguous arbitration provisions of the parties' bilateral contracts. Tropicana Pools, Inc. v. Boysen, 296 So. 2d 104, 108 (Fla. 1st DCA 1974) (holding that "a contract once entered into may not thereafter be unilaterally modified").

L.P. Evans suggests that, irrespective of the language in the contracts, section 682.11(2) provides it a substantive right to have its fee claim *either* litigated *or* arbitrated. L.P. Evans misconstrues section 682.11(2). This provision, adopted by the Florida Legislature in 2013, reads in its entirety as follows:

> An arbitrator *may* award reasonable attorney fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding.

§ 682.11(2), Fla. Stat. (2020) (emphasis added).

The prior version of the statute read as follows:

8

Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.

§ 682.11, Fla. Stat. (2012).

Florida's case law interpreting the former version of the statute prescribed that claims for attorneys' fees incurred in an arbitration proceeding were within the exclusive province of trial courts and such claims could be adjudicated only through litigation unless waived by the parties. See Turnberry Assocs. v. Serv. Station Aid, Inc., 651 So. 2d 1173, 1175 (Fla. 1995). Plainly, the Legislature adopted the current version of section 682.11(2) – and included in the provision the permissive "may" – to alter this former prohibition and specifically to allow an arbitrator to adjudicate an attorneys' fee claim, so long as the claim is premised on a statute or contract authorizing the entitlement to fees. Put another way, contrary to prior law, an arbitrator may now award fees, so long as the fee claim is authorized by contract or statute. We do not read the statute's inclusion of the word "may" to negate an arbitration agreement's language and allow a party to elect to have its fee claim *either* litigated or arbitrated.

We reverse the final judgment awarding attorneys' fees and costs to L.P. Evans because the parties plainly agreed to arbitrate, rather than to litigate, all disputes and claims arising out of the parties' contractual

9

arrangement. Because L.P. Evans's claim for attorneys' fees and costs arose out of that arrangement, it was subject to arbitration.

Judgment reversed.